UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Seth Bader

    v.	Civ. No. 11-cv-43-SM

William Wrenn, Commissioner,
New Hampshire Department of
Corrections

**REPORT AND RECOMMENDATION**

    Seth Bader, an inmate in the custody of the New Hampshire Department of Corrections ("DOC"), filed a complaint (doc. no. 1) alleging that defendant violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, et seq. ("RLUIPA"). Bader alleged that the DOC violated RLUIPA by transferring him from the DOC's New Hampshire State Prison for Men ("NHSP") in Concord, New Hampshire, where he had access to volunteer-led Jewish religious services and activities, to the Northern New Hampshire Correctional Facility ("NCF") in Berlin, New Hampshire, where there are no religious activities or services available for Jewish inmates. Bader filed a motion for preliminary injunction (doc. no. 2) requesting that the court order the DOC to reverse his transfer to NCF and immediately return him to the NHSP.

    Bader's motion for a preliminary injunction was referred to this magistrate judge, and a hearing was held before the court

on February 18, 2011.  The court issued a report and recommendation (doc. no. 12) recommending that the request for a preliminary injunction be denied.

Bader has objected to the recommendation (doc. nos. 14 and 19).  The district judge has not yet issued a decision to accept or reject the magistrate judge's recommendation.

After filing his objection, Bader filed a motion to reopen the preliminary injunction hearing (doc. no. 16), which the District Judge has referred to the magistrate judge for consideration and a recommendation.  Defendant objects (doc. no. 18).  In the motion to reopen, Bader requests an opportunity to call four witnesses not called at the February 18, 2011, hearing.  The motion also takes issue with certain factual and legal findings in the case.  For the reasons that follow, the court recommends that plaintiff's motion to reopen the preliminary injunction hearing (doc. no. 16) be denied.

I.  Relevance of Testimony Plaintiff Seeks to Introduce

    A.  RLUIPA

RLUIPA prevents the government from "impos[ing] a substantial burden on the religious exercise" of a prisoner "even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden" furthers "a compelling governmental

interest . . . and . . . is the least restrictive means" of doing so. 42 U.S.C. § 2000cc(a). To establish a claim under RLUIPA, plaintiff must demonstrate that he is an institutionalized person, which is not in dispute here, that his religious exercise has been burdened by government action, and that the burden is substantial. See Spratt v. R.I. Dep't of Corrs., 482 F.3d 33, 38 (1st Cir. 2007). Once plaintiff establishes those elements, the burden shifts to the government to demonstrate a compelling state interest furthered by the burden imposed on the inmate's religious practice, and that such burden is the least restrictive means by which the compelling interest might be accomplished. See id. In order to obtain a preliminary injunction, Bader was required to show that he was likely to succeed on the merits of his RLUIPA claim. See Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008). Bader, to obtain injunctive relief, had to demonstrate, therefore, that he was likely to be able to demonstrate that his religious exercise was substantially burdened by government action.

    B.   Plaintiff Failed to Meet RLUIPA Burden

This court's recommendation to deny the preliminary injunction was based primarily on its finding that, to the extent Bader's ability to engage in his religious practice was

burdened after his transfer to NCF, any such burden was a result of the lack of volunteers available or willing to come to NCF to provide religious services, and not caused by the DOC's act of transferring him to NCF. The DOC approved the Concord volunteers to visit Bader at NCF, and there were no government-imposed restrictions on Bader's practice at NCF that were greater than those imposed at the NHSP. The evidence at the hearing showed that Jewish services have not been provided at NCF only because there have not been any qualified volunteers willing and able to travel to NCF to provide those services. Accordingly, the court found that plaintiff failed to demonstrate that the burden on his religious exercise, while substantial, was caused by government action. Because plaintiff failed to introduce sufficient evidence to shift the burden of proof in this matter, the defendant did not need to demonstrate that the transfer was made pursuant to a compelling state interest and that the transfer was the least restrictive means of furthering that interest.

    C.   <u>Proposed Testimony Irrelevant to Plaintiff's Burden</u>

At the preliminary injunction hearing, plaintiff called NHSP Security Chief Major Jon Fouts, the DOC employee primarily responsible for Bader's transfer, as a witness. Fouts testified that his decision to transfer Bader to NCF was based on Fouts's

4

perception that Bader's continued presence at NHSP had the potential to cause a security problem at that institution in the future. Fouts testified that while his suspicions regarding Bader's potential security risk were unsubstantiated and unverified, he believed they were warranted. Fouts stated that his suspicions were based on, among other things, items found in Bader's possession during a search of Bader's work station in Prison Industries, Bader's work assignments, Bader's relationship with his non-officer work supervisors at Prison Industries, and information provided to Fouts by Dan Tanguay, the education director at the NHSP for whom Bader had worked during his incarceration at the NHSP, and Fouts's own training and experience as a corrections officer. Fouts testified that Tanguay told him that at some time Tanguay had become concerned that Bader could use the education department resources, including a computer, to assist other inmates with legal work. Fouts testified that neither he nor Tanguay ever substantiated that Bader had engaged in unsanctioned conduct at Prison Industries or any wrongdoing in the education department.

Bader vehemently contested the validity of Fouts's concerns during his own testimony and denied that he presented any present or future security risk to the NHSP. Plaintiff argued at the hearing that Fouts' testimony and other evidence presented at the hearing was inadequate to demonstrate a

5

compelling governmental interest in plaintiff's transfer. Plaintiff further argued that the defendant failed to demonstrate that the transfer to NCF was the least restrictive means of addressing that concern.

This court found that plaintiff did not meet his burden under RLUIPA to demonstrate that government action had caused him to suffer a substantial burden to his religious exercise. Doc. No. 12 at p. 20. Accordingly, the court found that the burden of proof never shifted to the defendant to demonstrate that the transfer was the least restrictive means of achieving any compelling governmental interest. Id. The court therefore declined to decide whether or not the defendant had produced sufficient evidence to meet that burden. Id.

Plaintiff now seeks to present the testimony of four witnesses that would tend to cast doubt on the validity of Fouts's concerns for institutional security to the extent those concerns arose out of suspicions about Bader's conduct. In particular, plaintiff apparently seeks to introduce testimony from Tanguay that Bader had a "long and good" track record of working in the education department. Plaintiff does not propose to introduce any additional evidence to demonstrate that he can meet his initial burden under RLUIPA.

The new evidence Bader now seeks to introduce goes only to the defendant's ability to meet its burden should the burden

6

shift to the defendant. Bader's new evidence, even accepted as true, would not serve to further an argument that Bader met his initial burden under RLUIPA. The proposed evidence, therefore, even if true, is not relevant to this court's consideration, and the motion to reopen should be dismissed on that basis.

II. Disagreement with Legal Analysis

Plaintiff takes issue, both in the instant motion and in his objection to the report and recommendation, with this court's legal analysis regarding whether or not the government act in question in this case, the transfer of Bader to NCF, caused a substantial burden to Bader's religious practice. The court found that it did not, and that the burden to Bader's religious exercise, although incidental to the transfer, was in fact caused by the lack of volunteers at NCF. This court's reasoning on that point is amply set out in its report and recommendation (doc. no. 12) and need not be repeated here. See Doc. No. 12 at p. 13-20. Bader's disagreement with the court's reasoning has been properly presented to the District Judge in plaintiff's objection (doc. nos. 14 and 19). Reopening the hearing would not impact this court's legal analysis on the "substantial burden" question. Accordingly, to the extent the motion to reopen simply reasserts plaintiff's objection to the

report and recommendation, which is presently before the District Judge for consideration, it should be denied.

## Conclusion

For the foregoing reasons, the motion to reopen the preliminary injunction hearing (doc. no. 16) should be denied without prejudice to renewal should the court decline to accept this court's recommendation to deny Bader's request for a preliminary injunction. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: May 9, 2011

cc: Michael Sheehan, Esq.
    Danielle Pacik, Esq.