UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Seth Bader,
      Plaintiff

      v.                                    Case No. 11-cv-43-SM
                                             Opinion No. 2012 DNH 076
William Wrenn, Commissioner,
New Hampshire Dept. of Corrections,
      Defendant

**O R D E R**

Seth Bader is currently incarcerated in the New Hampshire state prison system. He was confined at the State Prison for Men in Concord for twelve years, but, in December of 2010, Bader was transferred to the Northern New Hampshire Correctional Facility in Berlin, New Hampshire (the reasons for the transfer are not pertinent to this case). Bader then brought this suit seeking preliminary and permanent injunctive relief, compelling the State to move him back to Concord. Bader says he is entitled to be returned to Concord because the State violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. ("RLUIPA") when it transferred him to the Berlin facility. Specifically, he claims the transfer imposed a substantial burden upon his ability to practice his Jewish faith.

The State moves for summary judgment, asserting that the facts of record establish, as a matter of law, that it did not impose a substantial burden on Bader's exercise of religious practices. For the reasons discussed below, that motion is granted.

## Discussion

Bader is an Orthodox Jew who actively practices his religion, to the extent he is able, within the prison system. While housed in Concord, he and other inmates participated in a number of religious programs that were led by lay volunteers, rabbinical students, and a local rabbi. He alleges that he cannot properly perform some religious practices without the assistance of someone intimately familiar with them, such as a rabbi. And, a rabbi who testified in support of Bader, noted that group worship is an important component of the Jewish faith.

When Bader was transferred to Berlin, prison authorities attempted to recruit volunteers to assist with Jewish religious services at the prison. Those efforts were only partially successful. A rabbi and a cantor agreed to visit the prison during the spring and summer, but prison authorities were unable to locate volunteers willing to lead group Jewish worship on a regular basis. Additionally, during the period of time relevant

to this action, there was only one other practicing Jewish inmate at the Berlin facility. Accordingly, Bader had no congregation with which to worship. Bader sought a transfer back to Concord, which request was denied. This litigation ensued.

Bader claims that by transferring him to a prison facility that does not afford the same range of religious services and practices as are available in Concord, the State violated his rights under RLUIPA. That statute provides, in relevant part, that the government shall not:

> <u>impose</u> a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> 
> (1)   is in furtherance of a compelling governmental interest; and
> 
> (2)   is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C.A. § 2000cc-1 (emphasis supplied).

On February 18, 2001, the magistrate judge held a hearing on Bader's motion for preliminary injunction. She later issued a Report and Recommendation, concluding that Bader failed to show that the State actually imposed the described burden(s) upon his religious practices and, therefore, he was unlikely to succeed on

the merits of his underlying RLUIPA claim. Accordingly, she recommended that Bader's request for preliminary injunctive relief be denied. Report and Recommendation (document no. 12). By order dated May 25, 2011, the court approved the Report and Recommendation and denied Bader's request for preliminary injunctive relief.

Bader appealed, but the United States Court of Appeals for the First Circuit recently affirmed the decision, observing that:

> Bader's problems at NCF-Berlin derive from a lack of outside clergy, volunteer visitors, and practicing co-religionists in the prison. Bader does not charge that the government precludes visits from rabbis or volunteers or deliberately limits the number of Jewish prisoners; officials at NCF-Berlin appear to have done what they can to encourage visitors.

Bader v. Wrenn, __ F.3d __, 2012 WL 1058564 *3 (1st Cir. March 29, 2012). Accordingly, the court of appeals concluded that "Bader's disadvantages in the Berlin prison depend importantly on proximate actions and decisions not attributable to the government and are too attenuated from the transfer decision to be considered government imposed burdens under RLUIPA." Id. at *4.

**Conclusion**

In light of the court of appeals' determination, Bader cannot demonstrate that the State violated provisions of RLUIPA when it transferred him from Concord to Berlin. That is to say, the circumstances that burden Bader's ability to practice his faith while housed in the Berlin facility are not circumstances for which the State is responsible. The State is, then, entitled to judgment as a matter of law and its motion for summary judgment (document no. 34) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 23, 2012

cc:  Michael J. Sheehan, Esq.
     Laura E. B. Lombardi, Esq.
     Nancy J. Smith, Esq.